## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KING OF FREIGHT LLC, a Kansas
limited liability company,

       *Plaintiff,*

 vs.

VIVA EXPRESS, INC., an Illinois
corporation,

       *Defendant.*

Case No. 6:22-cv-01187-EFM-TJJ

## MEMORANDUM AND ORDER

Before the Court is Defendant Viva Express, Inc.'s Motion to Set Aside Clerk's Entry of Default. The Motion is unopposed, as Plaintiff King of Freight has not filed any response. For the reasons stated below, the Court grants the Motion.

### I.      Factual and Procedural Background[1]

This case began when an injection molding machine, to be delivered by Defendant on behalf of Plaintiff, was damaged in transport. Plaintiff filed suit on August 19, 2022, alleging that Defendant bore factual and legal responsibility for the damaged machine. As a bit of background,

---

[1] The facts are taken from Plaintiff's Complaint and the affidavits attached to Defendant's Motion and are assumed true for the purposes of this Order.

Defendant is an Illinois corporation run by its owner and president Vladimir Siryakov, its general manager Roman Kyrychenko, and its insurance department representative Richard Dovgiy.

On August 25, the summons and Complaint were served at Siryakov's residence on his mother, who was visiting him at the time.  Siryakov's mother speaks only Ukrainian and Russian. She is not authorized to accept service on behalf of Defendant.  About a week later, Siryakov's wife sent a copy of the served documents to Dovgiy, who reached out to Defendant's insurance company that same day to request instructions.  The insurance company either never replied or refused to provide counsel.  Dovgiy told Kyrychenko that they would have to find an attorney to represent Defendant on their own.

Sometime later, Kyrychenko contacted Julia Bikbova, an Illinois attorney, who declined to take the case as she does not practice in Kansas.  On October 21, 2022, Bikbova emailed Dovgiy suggesting that he contact Ken Hoffman, a Kansas attorney, about representing Defendant in this case.  Dovgiy did so the very same day.

Ironically, the deputy clerk filed the Clerk's Entry of Default as to Plaintiff's claims on October 21 as well.  Now with representation, Defendant filed a Motion for Leave to File Motion to Set Aside Clerk's Entry of Default on November 1.  While procedurally quite unnecessary, this filing alerted all parties to Defendant's intent to litigate with counsel.  Defendant filed the present Motion on November 14.

## II.     Analysis

Under Fed. R. Civ. Pro. 55(c), a court may set aside an entry of default for "good cause." The decision to set aside an entry of default lies within the discretion of the trial court.[2]  Still,

---

[2] *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

courts recognize that "[t]he preferred disposition of any case is upon its merits and not by default judgment."[3]  "The good cause standard is fairly liberal, as "[t]he preferred disposition of any case is upon its merits and not by default judgment."[4]  In deterring whether good cause to set aside entry of entry exists, courts examine "[1] whether the default was willful, [2] whether setting it aside would prejudice the adversary, and [3] whether a meritorious defense is presented."[5]  Of course, courts "need not consider all of the factors, and may consider other factors as well."[6]

A.      **Willful conduct**

Regarding the first factor, courts are less likely to set aside an entry of default when a defendant "has defaulted willfully or has no excuse for the default."[7]  For example, failing to seek counsel or otherwise answer or contact the court has been held to constitute willful conduct.[8]

Here, Defendant has shown that during the two months after Plaintiff filed its Complaint Dovgiy and Kyrychenko tried to find an attorney to represent them, despite the unresponsiveness of Defendant's insurance company.  Although Defendant could have directly contacted a Kansas attorney office instead of waiting for Bikbova's recommendation, Dovgiy's promptness in acting on her recommendation is a far cry from the inactivity characteristic of willful conduct.  Therefore, the Court finds that Defendant's failure to appear was not willful.

---

[3] Id.

[4] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes*, 420 F.2d at 1366).

[5] *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (further citations and quotations omitted).

[6] *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005).

[7] *Crutcher*, 205 F.R.D. at 584.

[8] *See id.*

**B.      Prejudice**

The second factor asks whether the plaintiff would be prejudiced by setting aside the entry of default.[9]  At issue here is "whether plaintiff's ability to litigate has in some way been impaired or thwarted through the acts of the defaulting party or other events during the default period."[10]  Typically, courts rely on the plaintiff to make any relevant arguments showing the prejudice that will result.[11]

In the present case, Plaintiff has not even responded to Defendant's Motion.  Furthermore, the Motion was brought less than three months after Plaintiff filed its Complaint.  The Court can see no reason why Plaintiff would suffer any prejudice from setting aside the entry of default.  Accordingly, this factor weighs in favor of granting Defendant's Motion.

**C.      Meritorious defense**

The final factor is whether a defendant has presented a meritorious defense.[12]  This factor does not require a defendant "to demonstrate a likelihood of success on the merits."[13]  Instead, a defendant "need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."  In other words, "[t]he rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious."

---

[9] *Id.*

[10] *James v. XPO Logistics Freight, Inc.*, 2020 WL 4569154, at *4 (D. Kan. 2020) (further citations, quotations, and brackets omitted).

[11] *See id.*; *see also Crutcher*, 205 F.R.D. at 584 (finding without further discussion "[p]laintiff has not identified any potential prejudice, and the Court finds that plaintiff will not be prejudiced in any significant way if the default is set aside").

[12] *Crutcher*, 205 F.R.D. at 585.

[13] *Id.*

Defendant has raised several defenses, but one stands out as a particularly good reason to find that this factor supports granting Defendant's Motion—Plaintiff's failure to properly serve process.  The Court is unaware of any law, federal or state, where service on the visiting mother of a corporation's president—unauthorized and incapable of reading the Complaint because she does not speak English—constitutes proper service of process.[14]  If believed, this would result in dismissal of Plaintiff's case under Rule 12(b)(5) of the Federal Rules of Civil Procedure.  As such, Defendant has presented a meritorious defense.  Accordingly, the Court finds that each factor favors granting Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. 19) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 9th day of December, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[14] Fed. R. Civ. P. 4(h)(1) (authorizing service on a corporation either in accordance with state law where the court is located or service takes place or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant."); K.S.A. § 60-304(e) (authorizing service of process upon a corporation by: "(1) Serving an officer, manager, partner or a resident, managing or general agent; (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."); 735 Ill. Comp. Stat. Ann. 5/2-204 ("A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law.  A private corporation may also be notified by publication and mail in like manner and with like effect as individuals.").